OCEAN NATIONAL BANK

v.

James R. SPANG, Personal Representative of the Estate of Philip J. Spang, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs April 19, 1996.
Decided May 8, 1996.

Stephen Y. Hodsdon, Hodsdon & Associates, Kennebunk, for Plaintiff.

Michael J. O'Toole, Woodman & Edmands, P.A., Biddeford, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

James R. Spang, in his capacity as personal representative of the estate of Philip J. Spang, Jr., appeals from the entry of a deficiency judgment in an action for foreclosure of a real estate mortgage in the District Court (York, *Brodrick, J.*) in favor of Ocean National Bank in the amount of $304,719.19. Spang contends that the court had no authority to enter a deficiency judgment against the estate because the Bank had failed to present a timely claim as required by the Probate Code. 18–A M.R.S.A. §§ 1–101 to 8–401 (1981 & Supp.1995). We affirm the judgment.

In 1988 Philip and Priscilla Spang signed a note for $540,000 payable to the Bank on demand or, in any event, after one year, and secured by a mortgage on real estate in Wells and Ogunquit. The maturity date was extended by three consecutive allonges, the last of which provided for payment in 240 amortizing payments commencing in February 1991. The note contained a provision that it becomes immediately due and payable on the death of any party.

Philip died in October 1991. James was appointed personal representative of Philip's estate in November 1991. In the same month, a notice to creditors pursuant to 18–A M.R.S.A. § 3–801(a) (Supp.1995) was published. In October 1992 the Bank notified James, as personal representative, and Priscilla that the loan was in default. The Bank filed a complaint for foreclosure in January 1993, and thereafter moved for a summary judgment. In September 1993 James, as personal representative, consented to the entry of a judgment of foreclosure and sale in the District Court (*Gaulin, J.*). The properties were sold, and in April 1994 the Bank moved for a deficiency judgment. Eventually all objections to the deficiency were withdrawn except an argument by James that the District Court lacked jurisdiction to enter the

deficiency judgment against the estate. The court directed the entry of the deficiency judgment, but ruled that a writ of execution would not be issued against the estate. The personal representative appeals.

 When a secured creditor has presented a timely claim for the debt, or has commenced a timely foreclosure action, that creditor may proceed outside the Probate Court to reduce the claim to a deficiency judgment. 18–A M.R.S.A. § 3–804 (1981). A judgment in either of these circumstances constitutes an allowance of the claim. 18–A M.R.S.A. § 3–806(c) (1981). We would eliminate the time limits of the Probate Code if we were to conclude that a judgment obtained without presentment of a timely claim or commencement of a timely action is likewise allowed.

In this case, however, the record reveals that the personal representative filed a written consent to the entry of a judgment of foreclosure that expressly provided that "an execution shall issue against . . . the estate of Philip J. Spang, Jr. . . . for any deficiency providing that the statutory requirements are met." The final phrase obviously refers to the judicial foreclosure statute. 14 M.R.S.A. §§ 6321–6325 (Supp.1995).

In the unique circumstances of this case, it would be inappropriate and premature for us to address the effect of the deficiency judgment as a claim against the estate. The District Court was correct when it stated in its judgment that "the effect of the deficiency judgment against James R. Spang as personal representative will be determined by the Probate Court."

The entry is:

Judgment affirmed.

All concurring.